**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

ADVANCE FOOD COMPANY,          )
INC., an Oklahoma Corporation,          )
                                                            )
                          Plaintiff,          )
                                                            )
vs.                                                       )          Case No. CIV-08-1139-M
                                                            )
NEBRASKA BEEF, LTD., a Nebraska          )
limited partnership,          )
                                                            )
                          Defendant.          )

**ORDER**

Before the Court is Plaintiff's Motion for Partial Summary Judgment, filed April 15, 2009.

On May 22, 2009, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial

Summary Judgment was filed.  Plaintiff's reply was filed May 28, 2009.  Based upon the parties'

submissions, the Court makes its determination.

I.          INTRODUCTION

Plaintiff, a food manufacturing business, processes and prepares beef products into separate

and distinct food items for human consumption.  Defendant operates a meat processing and packing

facility providing beef products to its customers.   On June 11, 2008, a *Product Warranty, General*

*and Continuing Guarantee, and Indemnification Agreement* was entered into by the parties

("Agreement"). This Agreement provided the basis for the parties' contractual relationship.

Pursuant to this Agreement on June 25, 2008, Plaintiff ordered 26,918.40 pounds of fresh

93% loin tail and 11,242.80 pounds of fresh 93% Angus loin tail from Defendant.   By invoice dated

June 29, 2008, Defendant billed Plaintiff $74,340.25 for the beef products ordered.   The beef was

shipped and received by Plaintiff on July 1, 2008.  Plaintiff processed the meat in the ordinary course of food manufacturing into separate food items for human consumption.  On August 14, 2008, Defendant faxed a letter voluntarily recalling the beef due to possible contamination.

On October 24, 2008, Plaintiff filed the instant action against Defendant, alleging breach of contract, breach of warranty, negligence, strict liability/product liability, indemnification, breach of implied contract (implied-in-fact), breach of quasi-contract (implied by law), promissory estoppel, unjust enrichment, and negligence with regard to recall.  Plaintiff now moves for partial summary judgment as to its breach of implied contract (implied-in-fact), breach of quasi-contract (implied by law), promissory estoppel and unjust enrichment claims.

II.    SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque,* 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pac. R.R. Co.* 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   DISCUSSION

    A.    Breach of Implied-in-Fact and Implied-in-Law Contract

A contract is an agreement to do or not to do a certain thing. Okla. Stat. tit. 15, §1. It is essential to the existence of a contract that there should be: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration. Okla. Stat. tit. 15, §2. A contract's terms must be reasonably certain as to establish an enforceable contract. *Heldenbrand v. Stevenson*, 249 F.2d 424, 427 (10th Cir. 1957). Title 15 also provides that a contract is either expressed or implied. Okla. Stat. tit. 15, §133  The existence and terms of an implied contract are manifested by conduct. *Wattie Wolfe Co. v. Superior Contractors, Inc.* 417 P.2d 302, 308 (Okla. 1966).

The implied in fact doctrine applies only when there is no tangible evidence from which to determine whether in fact an agreement exists. *Watkins v. Watkins,* 177 P.3d 1114, 1118 (Okla. 2007). The Court in such situations is compelled to resort to the conduct of the parties. Contracts implied in fact arise where the intent of the parties is not expressed. *Ray F. Fischer Co. v. Loeffler-Green Supply Co.,* 289 P.2d 139 (Okla. 1955). However,  an express or written contract excludes the possibility of an implied contract of a different or contradictory nature. *Fox v. Cities Serv. Oil Co.,* 200 P.2d 398, 400 (1948).

Plaintiff contends because it acted on Defendant's voluntary recall, an implied contract arose and that Plaintiff should be compensated by Defendant for the reasonable and foreseeable losses it suffered as a result of its purchase of certain beef products from Defendant and the subsequent

voluntary recall of said products.  Defendant contends the parties' written agreement prohibits Plaintiff's recovery on its implied contract claims.

In this case it is uncontroverted that a written agreement exists.  On June 11, 2008, the parties entered into the Agreement which set out "the terms governing the food product, packaging, ingredients, or materials that Defendant was offering to sell to Plaintiff".  In addition to the Agreement, on June 12, 2008, Defendant signed a Specification Sheet from Plaintiff regarding the quality and characteristics of certain beef products that Plaintiff was willing to purchase from Defendant.  By letter on August 14, 2008, Defendant notified Plaintiff that it was recalling primal cuts, sub-primal cuts, and boxed beef that may have been contaminated.  Plaintiff does not contend there was not an express written agreement providing the basis for and context of the parties' contractual relationship with each other but contends that because of Defendant's August 14, 2008, recall and Plaintiff's subsequent action as a result of that recall,  a separate implied contract arose.  Because there exists a genuine dispute as to whether the written agreement or a separate implied contract governs Plaintiff's voluntary recall, Plaintiff's motion for partial summary judgment on its breach of an implied-in-fact contract and breach of an implied-in-law contract claims is DENIED.

B.    Promissory Estoppel

The promissory estoppel doctrine requires: (1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon the promise, (3) reasonable reliance upon the promise to the promisee's detriment, and (4) hardship or unfairness can be avoided only if the promise is enforced. *Russell v. Bd. of County Comm'rs, Carter County,* 952 P.2d 492, 503 (Okla. 1999).

Plaintiff asserts that even if neither an implied-in-fact contract nor an implied-in-law contract

4

arose the promissory estoppel doctrine should provide it relief as a matter of law. Plaintiff contends Defendant's request included in its voluntary recall notice met the requirements for promissory estoppel. Defendant argues the August 14, 2008, recall notice did not contain any specific promises of payment and lacked the requisite clarity of circumstances surrounding Defendant's voluntary recall notice.   Defendant further contends Plaintiff acknowledges the lack of a clear and unambiguous promise in its August 15, 2008 response to the August 14, 2008, voluntary recall, by requesting Defendant to provide "clarity"  as to the recall and, thus, Plaintiff's motion for summary judgment on this claim should be denied.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Defendant, and viewing all reasonable inferences in Defendant's favor, the Court finds that Defendant has presented sufficient evidence to create a genuine issue of material fact as to whether Defendant made a clear and unambiguous promise in its voluntary recall.  Accordingly, the Court denies summary judgment as to Plaintiff's promissory estoppel claim.

C.    Unjust Enrichment

Unjust enrichment is a recognized ground for recovery in Oklahoma.  Unjust enrichment describes a situation in which it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another.  *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.,* 929 P.2d 288, 295 (Okla. Civ. App. 1996).

Plaintiff contends Defendant's failure to reimburse Plaintiff for the reasonable and foreseeable losses suffered and expenses incurred in complying with  Defendant's voluntary recall notice is unjust and inequitable.  Plaintiff asserts upon receipt of the recall notice from Defendant it acted reasonably by complying with it to the letter.  Plaintiff segregated and held food items in its

possession as well as recovering or giving credit for food items already shipped. Plaintiff also contends as a result of its actions Defendant was able to comply with the federal government's "Product Recall Guidelines for Firms" ensuring that the maximum amount of recalled product was recovered in the shortest amount of time. Defendant asserts Plaintiff's failure to disclose the amounts Defendant had agreed to pay Plaintiff relative to the voluntary recall and the failure to show what benefit Defendant has in fact received as a result of the voluntary recall prohibits this Court from determining whether Defendant has been unjustly enriched.

Because there exists a question of fact as to what, if any, amount Defendant is liable to Plaintiff for losses suffered and expenses incurred as a result of the voluntary recall, as well as any benefit Defendant received, the Court DENIES Plaintiff's motion for partial summary judgment as to Plaintiff's unjust enrichment claim.

IV.     CONCLUSION

Accordingly, for the reasons set forth above, the Court DENIES Plaintiff's Motion for Partial Summary Judgment [docket no. 34].

**IT IS SO ORDERED this 4th day of November, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE